UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIA DOMINIQUE TURNER
n/k/a MARIA THOMPSON

     Plaintiff,

v.                            CASE NO.: 5:20-CV-199-MCR-MJF
LOUIS S. ROBERTS, III, Individually, and
in his Official Capacity as
Sheriff of Jackson County, Florida,

and

ZACHARY WESTER, former Deputy Sheriff, Individually

     Defendants.

---

**PLAINTIFF'S RESPONSE AND SUPPORTING MEMORANDUM IN OPPOSITION TO LOUIS S. ROBERTS, III'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Plaintiff, Maria Dominique Turner now known as Maria Thompson (hereinafter "Maria Thompson"), for her Response and Supporting Memorandum in Opposition to Defendant Louis S. Roberts, III's Motion to Dismiss, states as follows:

**I.    Introduction**

The pending Motion moves to dismiss the federal claims asserted against Sheriff Roberts, individually, on the grounds that (1) Sheriff Roberts cannot be vicariously liable for Zachary Wester's conduct; (2) the Plaintiff "fails to make any allegations that would indicate the Sheriff had any personal involvement or knowledge in the case involving Plaintiff"; and (3) Sheriff Roberts is entitled to qualified immunity because "there are no allegations that would lead a reasonable person to believe the Sheriff had any individual involvement in this case."

None of the arguments asserted by the Defendant hold water. The vicarious liability argument is a red herring – Plaintiff's federal claims do not assert vicarious liability. The alleged pleading deficiency ignores the specific factual pleadings in the Complaint. The qualified immunity argument ignores the specific factual pleadings and clearly established law regarding supervisory liability. The Motion should therefore be denied.

## II. Argument

### A. Factual Allegations:

Defendant's Motion begins by acknowledging that the factual allegations in the Plaintiff's Complaint must be accepted as true and construed in a light most favorable to the Plaintiff. But Defendant then ignores those allegations for the duration of the Motion, failing to provide any factual summary to be considered by

the Court, and offering no explanation or analysis of any alleged deficiency.  For purposes of this Motion, the relevant facts are summarized as follows:

On July 14, 2017, Maria Thompson was illegally pulled over by Zachary Wester, who was then a deputy with the Jackson County Sheriff's Office.  [Second Amended Complaint, ¶ 9-11].  Zachary Wester had no legal basis for the traffic stop.  [Second Amended Complaint, ¶ 9-11].  After pulling Maria over, Zachary Wester fabricated a basis to detain Maria, falsely claiming he smelled marijuana and falsely asserting he had gotten a call regarding same, and falsely claiming that her license was suspended.  [Second Amended Complaint, ¶ 12-18].  Wester then illegally seized and detained Maria by placing her in his car while he unlawfully searched her vehicle.  [Second Amended Complaint, ¶ 20-24].  During the search Wester fabricated evidence against Maria, by falsely claiming to find a "white in color crystal substance" which he falsely claimed tested presumptive positive for methamphetamine, and by falsely claiming to find a "color Ziploc bag containing a green leafy residue" which he falsely claimed had the scent and appearance of marijuana.  [Second Amended Complaint, ¶ 25-30].

None of this was true. There was no crystal substance in Maria's car, and no presumptive positive test.  [Second Amended Complaint, ¶ 26-29]. The "crystal substance" was planted by Wester, and it did not test presumptive positive for anything.  [Second Amended Complaint, ¶ 26-29].  There was no bag containing a

green leafy substance at all, Wester just made this up.  [Second Amended Complaint, ¶ 30-31].

Based upon this fabricated evidence, Wester arrested Maria and caused charges to be brought against her.  [Second Amended Complaint, ¶ 32 and 36-37]. Maria was unable to make bail for the fabricated charges, so she eventually plead no contest to charges she knew were false because it was the only way to get released.  [Second Amended Complaint, ¶ 44-46].  Maria spent 10 weeks in jail on the false charges.  [Second Amended Complaint, ¶ 44-46].  A year later, Maria's plea was vacated, and all charges were dismissed because of the fabricated evidence.  [Second Amended Complaint, ¶ 51-53].

Zachary Wester's illegal actions towards Maria (pulling her over without a lawful basis for the stop, detaining her unlawfully, conducting an illegal search, planting false evidence, fabricating tests of that evidence, fabricating claims that substances were found, filing false charges, and initiating false prosecutions) were not isolated events.  [Second Amended Complaint, ¶ 57-58].  Zachary Wester committed similar acts against more than 100 other victims whose arrests were subsequently determined to be improper.  [Second Amended Complaint, ¶ 58]. Victims of Zachary Wester's illegal arrests include April Marie Adkins, Hope Adkinson, Derek William Benefield, Benjamin Bowling, Michael Brady, Timothy Bruner, Joshua Clenney, James Coffelt, John Coulliette, Justin Caleb Creamer,

Tyler Daniels, Cassandra E. Davis, Trevor Day, Richard Driggers, Maurice Elder, James Fears, Hansford Griffis, Kimberly Hazelwood, Tyler Land, Christopher Marr, Tillmon McCroan, John McCue, Teresa Odom, Cole Padgett, Lora Penn, Willie Pippin, John Raines, Lance Sellers, Kenneth Shaw, Jason Sherrod, Donnie Shores, Willie Sims, Vicki Stephens, Patrick Themar, Abranda Ward, Darrell Watkins, Scotty J. Williams, Monica Willis, and Kimberly Wood.   [Second Amended Complaint, ¶ 62].

Defendant Roberts had subjective knowledge of Zachary Wester's illegal actions.   [Second Amended Complaint, ¶ 59–61].   Multiple persons made complaints to the Jackson County Sheriff's Office and Sheriff Roberts himself regarding Wester's conduct.  [Second Amended Complaint, ¶ 61].  Ed Sorensen, Maria Thompson's former employer, specifically informed the Jackson County Sheriff's Office about Maria Thompson's false arrest, and Ed was specifically told that nothing would be done about it.   [Second Amended Complaint, ¶ 47-48]. Wester had a substantially higher arrest rate than any other deputy at the Jackson County Sheriff's office, and Sheriff Roberts knew this.   [Second Amended Complaint, ¶ 59].   Wester's arrest rate was so inflated that it is not possible that Sheriff Roberts could have believed his conduct was legal.  [Second Amended Complaint, ¶ 60].

5

Nevertheless, Sheriff Roberts allowed Wester to continue in his unlawful actions and intentionally declined to prevent same. [Second Amended Complaint, ¶ 65, 66, 85, 128, 175, 221, 268, 307, and 351].

### B.    Vicarious Liability

The Plaintiff's Complaint does not assert vicarious liability against Sheriff Roberts in any of the federal causes of action asserted against him in his individual capacity. [*See* Second Amended Complaint, Counts II, V, VIII, XI, XIV, XVII, and XX]. Rather, Plaintiff's Complaint alleges individual supervisory liability against Sheriff Roberts on the grounds that he had notice of Wester's unlawful conduct and subjective knowledge that same was causing constitutional violations, that he failed to correct or prevent Wester's unlawful conduct, and that this failure caused the constitutional violations. [*See* Second Amended Complaint, Counts II, V, VIII, XI, XIV, XVII, and XX].

### C.    Individual Supervisory Liability

The Plaintiff's Complaint alleges sufficient facts to state a claim against Sheriff Roberts, in his individual capacity, for supervisory liability. In the Eleventh Circuit a supervisor may be held individually liable for a subordinate's unconstitutional conduct if either (1) the supervisor "directly participated in the unconstitutional conduct;" or (2) "a causal connection exists between

6

the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb County, Georgia*, 749 F.3d 1034, 1047–48 (11th Cir. 2014).   Plaintiff asserts the latter, that there is a causal connection between Sheriff Robert's actions and Wester's constitutional violations.   [See Second Amended Complaint, ¶ 86, 129, 176, 222, 269, 308, and 352].

The Eleventh Circuit recognizes four ways that a Plaintiff can establish the necessary causal connection.  First, "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone v. Jenne*, 326 F.3d 1352, 1360–61 (11th Cir. 2003). Second, when a supervisor's custom or policy "result[s] in deliberate indifference to constitutional rights." *Id.*   Third, when "facts support an inference that the supervisor directed the subordinates to act unlawfully. *Id*.  Or fourth, when facts support an inference that the supervisor "knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.*

The Plaintiff's Complaint alleges sufficient facts to establish a causal connection under three such theories.   The Complaint alleges that there was widespread and repeated abuse by Wester that put Sheriff Roberts on notice of a need to correct the deprivation.   The Complaint alleges misconduct that was so pervasive as to constitute a custom or policy of the Sheriff's office. The Complaint alleges that Sheriff Roberts had actual notice, through direct complaints, of

Wester's misconduct.  And the Complaint alleges sufficient facts to support an inference that Sheriff Roberts had knowledge that Wester would act unlawfully, even in the absence of direct complaints.  Yet Sheriff Roberts did nothing to prevent, correct, or stop the misconduct.

Thus, Plaintiff's Complaint states a valid claim for supervisory liability and the Motion to Dismiss should be denied.

### D.    Qualified Immunity

After citing general principals regarding qualified immunity, Defendant's qualified immunity argument states, in its entirety:

> In Plaintiff's Second Amended Complaint, there are no allegations that would lead a reasonable person to believe the Sheriff had any individual involvement in this case, thus entitling Sheriff, individually, to qualified immunity regarding the allegations contained in all counts.

But as set forth above, Plaintiff's individual claims are based on the causal connection between Sheriff Roberts' conduct and Wester's misconduct, not Roberts' direct participation in such conduct.  Defendant offers no argument on the causal connection of supervisory liability.  Defendant does not dispute that such liability exists, or that it was clearly established at the time of the violations. Because the Plaintiff has alleged sufficient facts to proceed on these claims, the Motion should be denied.

Should the Defendant come forward in a future pleading with specific arguments that any of the causal connection theories asserted by Plaintiff are invalid, were not clearly established at the time of the violations, or are not supported by the facts, Plaintiff reserves the right to address those arguments when asserted.

**III.   Conclusion**

For the foregoing reasons, the Plaintiff respectfully submits that the Motion to Dismiss should be denied.

<u>**CERTIFICATE OF COMPLIANCE**</u>

Counsel for the undersigned certifies that this Response was prepared in Times New Roman, size 14 font and that it contains 1,784 words.

Respectfully submitted,

*/s/ J. Ryan Will*
J. RYAN WILL
Florida Bar No. 0024122
Morgan & Morgan, P.A.
444 Seabreeze Boulevard, Suite 100
Daytona Beach, FL 32118
Telephone:   (386) 947-9959
Facsimile:    (859) 367-6146
Email: rwill@forthepeople.com
*Counsel for Plaintiff*

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing has been served via the Court's

Electronic Filing System on October 23, 2020 to the parties:

Riley Landy
Joe Longfellow
Andrews, Crabtree,
Knox & Longfellow, LLP
1558-1 Village Square Blvd.
Tallahassee, FL 32309
rlandy@andrewscrabtree.com
jlongfellow@andrewscrabtree.com
*Counsel for Defendant,*
*Zachary Wester*

Alyssa M. Yarbrough
William G. Warner
Warner Law Firm, P.A.
P.O. Box 1820
Panama City, FL 32402
alyssayarbrough@warnerlaw.us
billwarner@warnerlaw.us
*Counsel for Defendant,*
*Louis S. Roberts, III*

*/s/ J. Ryan Will*_____
J. RYAN WILL
