UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIA DOMINIQUE TURNER
n/k/a MARIA THOMPSON

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO.: 5:20-CV-199-MCR-MJF

LOUIS S. ROBERTS, III, Individually, and
in his Official Capacity as
Sheriff of Jackson County, Florida,

and

ZACHARY WESTER, former Deputy Sheriff, Individually

    Defendants.

---

### PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

---

The Plaintiff, Maria Thompson, pursuant to Federal Rule of Civil Procedure 26(a)(1) submits the following as her initial disclosure:

**I.   POTENTIAL WITNESSES**

    1.   All persons identified in the Defendants' Rule 26 Disclosures.

    2.   The Plaintiff, Maria Thompson, who has knowledge about the facts and circumstances of the matters alleged in her Complaint.

1

3. The Defendants, Zachery Wester and Louis Roberts, III, who are expected to have knowledge about the matters alleged in the Complaint.

4. April Marie Adkins aka April Marie Middleton, Hope Adkinson, Derek William Benefield, Benjamin Bowling, Michael Brady, Timothy Bruner, Joshua Clenney, James Coffelt, John Coulliette, Justin Caleb Creamer, Tyler Daniels, Cassandra E. Davis, Trevor Day, Richard Driggers, Maurice Elder, James Fears, Hansford Griffis, Kimberly Hazelwood, Tyler Land, Christopher Marr, Tillmon McCroan, John McCue, Teresa Odom, Cole Padgett, Lora Penn, Willie Pippin, John Raines, Lance Sellers, Kenneth Shaw, Jason Sherrod, Donnie Shores, Willie Sims, Vicki Stephens, Patrick Themar, Abdranda Ward, Darrell Watkins, Scotty J. Williams, Monica Willis, and Kimberly Wood who are expected to have knowledge about the matters alleged in the Complaint.

5. Maria Thompson's treating physicians, who have knowledge about her injuries and medical bills, and who are identified in her medical records.

6. All jail personnel who had any contact or communication with the Plaintiff during her incarceration, who may have knowledge about the arrest, detention, and prosecution of the Plaintiff.

7. All court personnel who had any contact or communication with the Plaintiff during the course of her prosecution, who may have knowledge about the arrest, detention, and prosecution of the Plaintiff.

8. The Plaintiff's criminal defense counsel, and her respective agents and employees, who may have knowledge about the arrest, detention and prosecution of the Plaintiff. The Plaintiff does not waive any privilege that exists with respect to her counsel, but identifies such persons solely with respect to any non-privileged information which they may have.

9. Any other individual with knowledge or information that is revealed during the discovery process.

10. Any expert witness(es) identified on Plaintiff's behalf.

11. Any expert witness identified by the Defendants.

The Plaintiff reserves the right to supplement this list as discovery proceeds in accordance with the Federal Rules of Civil Procedure and/or this Court's Scheduling Order.

## II. DOCUMENTS

The Plaintiff reserves the right to raise appropriate objections to the production of any documents, electronically stored information, and tangible

things. Without waiving these objections, the Plaintiff identifies the following items, which may be used to support her claims.

1. Maria Thompson's medical records, which are possessed by her medical providers.

2. Maria Thompson's medical bills, which are possessed by her medical providers.

3. All records created, maintained and/or kept by the Florida Department of Law Enforcement that reference or relate in any manner to the acts alleged in the Plaintiff's Complaint or the arrest, detention, or prosecution of the Plaintiff. These records contain .pdf, .mp4, .mp3, .mov, and .wav file formats. Plaintiff is currently compiling said records and will produce them as soon as possible.

4. All Court records relating to the arrest, detention, or prosecution of the Plaintiff. Plaintiff is currently compiling said records and will produce them as soon as possible.

**III. DAMAGES**

The Plaintiff is seeking damages for deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, physical injuries, mental and physical pain and suffering, emotional distress and anguish,

embarrassment, and humiliation. The Plaintiff reserves the right to supplement this disclosure as this case progresses and new information is discovered in accordance with Federal Rules of Civil Procedure and/or this Court's Scheduling Order.

### IV.   INSURANCE

Not applicable to the Plaintiff.

Respectfully submitted,

*/s/ J. Ryan Will*_____
J. RYAN WILL
Florida Bar No. 0024122
Morgan & Morgan, P.A.
444 Seabreeze Boulevard, Suite 100
Daytona Beach, FL 32118
Telephone:   (386) 947-9959
Facsimile:    (859) 367-6146
Email: rwill@forthepeople.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served via electronic mail on December 10, 2020 to the parties:

Riley Landy
Joe Longfellow
Andrews, Crabtree,
Knox & Longfellow, LLP
1558-1 Village Square Blvd.
Tallahassee, FL 32309
rlandy@andrewscrabtree.com
jlongfellow@andrewscrabtree.com
*Counsel for Defendant,*
*Zachary Wester*

Alyssa M. Yarbrough
William G. Warner
Warner Law Firm, P.A.
P.O. Box 1820
Panama City, FL 32402
alyssayarbrough@warnerlaw.us
billwarner@warnerlaw.us
*Counsel for Defendant,*
*Louis S. Roberts, III*

            */s/ J. Ryan Will*_____
            J. RYAN WILL